IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 23, 2002 Session

## DONALD FRANKLIN KING v. BETTY JUNE KING

Appeal from the Chancery Court for Henderson County
No. 14164     Joe C. Morris, Chancellor

No. W2001-01766-COA-R3-CV - Filed October 28, 2002

This is an alimony case. The parties were married for twenty-nine years. The wife is disabled and unable to work. Upon divorce, the husband was ordered to pay alimony *in futuro* until the wife reaches sixty-two years of age. On appeal, the husband argues that the trial court improperly assessed the wife's living expenses, and that the husband will not be able to afford the necessities of life if he is required to fulfill his alimony obligation. We affirm, finding that the trial court did not abuse its discretion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY K. LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Carthel L. Smith, Lexington, Tennessee, for appellant, Donald Franklin King

James F. Butler and J. Brandon McWherter, Jackson, Tennessee, for appellee, Betty June King.

### OPINION

Donald Franklin King ("Husband") and Betty June King ("Wife") were married January 16, 1972. The parties separated in 1997, and on June 26, 2000, Husband petitioned for divorce, citing inappropriate marital conduct and irreconcilable differences. Wife counter-claimed for divorce, also asserting irreconcilable differences and inappropriate marital conduct. At the time of the divorce, the parties had two daughters, one of whom was a minor. Each daughter has a child, and both of the daughters and both grandchildren reside with Wife. Wife is disabled and unable to work. At the time of the hearing, she was forty-five years old. Husband has been employed with Kroger for most of his adult life, and earns $13.65 per hour, with a net monthly income of $1,680. He was forty-nine years old at the time of the hearing.

From the time the parties separated in 1997 until August, 2000, Husband paid wife $100 per week, primarily to support their minor child. On August 17, 2000, at a hearing to determine temporary support and other issues, the trial judge ordered Husband to pay $525 per month alimony *pendente lite*, effective August 18, 2000.

The divorce hearing was held on June 26, 2001. In these proceedings, Wife listed expenses of $2,036.13 per month, $420 of which was attributed to caring for the daughters and grandchildren. Wife's income at the time of the hearing consisted of $861 in Social Security benefits, plus $461 in Social Security benefits for the minor daughter, which terminated in January, 2002, when the daughter turned eighteen years old. The trial court granted the divorce to Wife. By stipulation in the divorce decree, Husband agreed to pay Wife $400 per month in child support until May, 2002, when the younger daughter graduated from high school. This obligation was offset by the $461 Social Security payment from the time of the divorce decree through January, 2002. Husband was also ordered to pay Wife $400 per month alimony *in futuro* until Wife turns sixty-two years old. From this order, Husband now appeals.

On appeal, Husband argues (1) that the trial court failed to consider the financial household contributions of the adult daughter who was then living with Wife; (2) that the trial court erred in considering Wife's expenses that were directly related to supporting the parties' two daughters and grandchildren living with Wife; and (3) that the alimony award prevents Husband from paying for the necessities of life.

Because this case was heard by the trial court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court below, unless the evidence preponderates against the decision of the trial court. *See* Tenn. R. App. P. 13(d); *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). In reviewing an alimony award, the appellate court will not overturn the judgment of the trial court unless the award evidences an abuse of discretion. *Lindsey v. Lindsey*, 976 S.W.2d 175, 180 (Tenn. Ct. App. 1997). An abuse of discretion means that the discretion of the trial court judge "was not exercised in conformity with the applicable guidelines," or the "decision was plainly and logically against the facts before the court." *BIF, Div. of Signal Controls, Inc. v. Service Constr. Co.*, No. 87-136-II, 1988 Tenn. App. LEXIS 430, at *8 (Tenn. Ct. App. July 13, 1988) (citations omitted).

Husband first argues that the trial court failed to apply the third-party rebuttable presumption, as set forth in Tennessee Code Annotated § 36-5-101(a)(3),[1] to the parties' adult daughter who was

---

[1] Section 36-5-101(a)(3) of the Tennessee Code Annotated states:

In all cases where a person is receiving alimony *in futuro* and the alimony recipient lives with a third person, a rebuttable presumption is thereby raised that:
    (A) The third person is contributing to the support of the alimony recipient and the alimony recipient therefore does not need the amount of support previously awarded, and the court therefore should suspend all or part of the alimony obligation of the former spouse; or

(continued...)

then living with Wife.  The statute raises a rebuttable presumption that a third party living with the alimony recipient is either contributing to the support of the alimony recipient, thereby diminishing the need for alimony, or that the alimony recipient is contributing to the support of the third party and therefore does not need the alimony.  Husband points to no place in the record in which this issue was raised to the trial court.  Because Husband failed to address this issue with the trial court, he is precluded from raising the issue on appeal.[2]  ***Brown v. Brown***, No. M1999-01085-COA-R3-CV, 2000 Tenn. App. LEXIS 287, at *5-6 (Tenn. Ct. App. May 5, 2000).

Husband next argues that the trial court improperly assessed Wife's living expenses because it failed to exclude expenses designated for the support of the parties' children and grandchildren.  While there is no formula for determining the amount of alimony, the court should consider the factors set forth in Tennessee Code Annotated § 36-5-101(d)(1)(A)-(L).[3]  ***Clayton v. Clayton***, No. E2000-1413-COA-R3-CV, 2001 Tenn. App. LEXIS 399, at *11 (Tenn. Ct. App. May 30, 2001); ***Aaron v. Aaron***, 909 S.W.2d 408, 410 (Tenn. 1995).  The most important factors are the obligor's ability to pay, and the obligee's need for support.  ***See Cranford v. Cranford***, 772 S.W.2d 48, 50 (Tenn. Ct. App. 1989).  In this case, the record shows that Wife's expenses are $2,036.12 per month, of which $420 is designated for caring for the children and grandchildren.  Even if the $420 is subtracted from Wife's total expenses, the expenses still amount to $1,616.12 per month, leaving her with at least a $350 deficit.  Therefore, even excluding these expenses, Wife still has a need for the alimony payments.

---

[1](...continued)

    (B) The third person is receiving support from the alimony recipient and the alimony recipient therefore does not need the amount of alimony previously awarded and the court therefore should suspend all or part of the alimony obligation of the former spouse.

Tenn. Code. Ann. § 36-5-101(a)(3) (2001).

[2]Even if Husband was not precluded from raising the issue on appeal, testimony indicated that the parties' adult daughter did not contribute to Wife's support, and Wife's contribution to her daughter's expenses was listed.  As discussed below, Wife had a need for alimony even if expenses related to the children and grandchildren were not considered.  Under these circumstances, the statutory presumption would be rebutted.

[3]The factors to be considered are:

    (A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

    . . . .

    (C) The duration of the marriage;

    . . . .

    (E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

    . . . .

    (K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so. . . .

Tenn. Code Ann. § 36-5-101(d)(1)(A),(C),(E) and (K) (2001).

The record also indicates that the trial court considered the duration of the marriage (29 years), Husband's earning capacity and relative fault in the divorce, and Wife's disability and consequent inability to work. Husband argues that the alimony award leaves him unable to pay for the necessities in his life. The alimony award, however, essentially equalizes the parties' income. After paying alimony, Husband's monthly gross income is $1,280 ($1,680 minus $400 alimony obligation). After receiving alimony, Wife's monthly income is $1,262 ($861 in Social Security benefits plus $400 in alimony). In this case, there simply is little money to go around, and it appears that the trial court's decision was making the best of a difficult situation. Under these circumstances, we find no abuse of discretion by the trial court, and affirm the award of alimony.

Finally, Wife requests an award of attorney's fees with respect to this appeal. Based on the parties' situation as discussed above, this request is declined.

The decision of the trial court is affirmed. Costs are taxed to Appellant, Donald Franklin King, and his surety, for which execution may issue, if necessary.

_____
HOLLY K. LILLARD, JUDGE